16878

GREENWOOD LUMBER CO. *ET AL.* v. CROMER *ET UX.*

(82 S. E. (2d) 527)

*Thomas A. Wofford, Esq.,* of Greenville, *for Appellant, L. E. Cromer,*

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Appellant, Margaret M. Cromer,*

*Messrs. Mays, Featherstone & Bradford, of Greenwood, for Respondents,*

June 7, 1954.

LITTLEJOHN, Acting Associate Justice.

In this action the complaint alleges that the defendant L. E. Cromer was the general manager and secretary of the

plaintiff Greenwood Lumber Company, and that he converted to his own use a large amount of money, building material and credits of the company, and that the building materials so converted were used in the construction of a number of houses on lots owned by the defendant L. E. Cromer individually, and in partnership with others. It further alleges that the defendant L. E. Cromer admitted that he converted property of the Greenwood Lumber Company to build houses, and that he conveyed to J. Perrin Anderson, as trustee, certain real estate to be held by the trustee subject to the payment of his debts to the company, and that the defendant Margaret M. Cromer, wife of L. E. Cromer, conveyed certain real property belonging to her to the same trustee as security for the same indebtedness.

The complaint asks that the defendants be enjoined from selling or disposing of any real estate located in Greenwood County, (with certain exceptions) that a receiver be appointed, that the trust deed be reformed, that the property described in the trust deeds be impressed with a trust for the payment to Greenwood Lumber Company of the value of the materials used in construction of the houses, for an order providing for the sale of the lots, that an automobile owned by L. E. Cromer be impressed with a trust, that certain insurance policies belonging to L. E. Cromer be impressed with a trust, that L. E. Cromer be required to produce books and records in his possession, and that an accounting be had under the supervision of the Court of all funds, building materials, credits and other assets of Greenwood Lumber Company heretofore converted to the use of L. E. Cromer.

The defendant Margaret M. Cromer answering, sets up a general denial and alleges that the deed executed by her in favor of the trustee was obtained by undue influence, coercion and duress of plaintiffs, their agents and attorneys, and alleges that the instrument as to her is null and void.

The defendant L. E. Cromer answering, denies the material allegations of the complaint, and alleges that the trust deed is null and void.

On October 5, 1953, the circuit court heard two motions, one by counsel for the defendant Margaret M. Cromer, to frame issues to be submitted to the jury under Section 10–1057 of the Code, and one by counsel for the plaintiffs to refer all issues of law and of fact to the master in equity for Greenwood County.

At the hearing the trial court stated that the case could not be tried at the present term of common pleas, and that the judge who tried the case would have to frame the issues. Counsel thereupon moved that the case be set down for trial at the ensuing term of the court of common pleas which convened on November 2, 1953.

On October 30, 1953, the trial court filed an order refusing the motion to frame issues and referring all issues to the master for trial, and also directing "the defendant, L. E. Cromer, on ten days notice from the master, do appear before the master and answer under oath any questions which may be propounded to him by the court, or by the plaintiff Greenwood Lumber Company, relative to any of his transactions with the plaintiff Greenwood Lumber Company."

The exceptions of the defendant L. E. Cromer suggest error of the lower court in ordering the defendant to appear before the master to answer questions.

The exceptions of the defendant Margaret M. Cromer suggest error on the part of the lower court in holding, (1) that the issues framed for trial by a jury under Section 10–1057 of the Code are intended for the enlightenment of the court, (2) that the trial court abused its discretion in refusing to frame issues under Section 10–1057 and 10–1457 of the Code of Laws of 1952, and (3) in basing the denial of the motion upon the ground that "such issues do not survive the term."

It is urged on the part of the defendant L. E. Cromer that the order of Judge Bellinger violates Article 1, § 17 of the Constitution of the State of South Carolina, and Article XIV, subsection 1 of the Constitution of the United States, and Section 26–408 of the Code of Laws of South Carolina, all of which relate to the proposition of law that a person shall not be required to answer questions which might incriminate him. It is further urged that the defendant L. E. Cromer had no opportunity to be heard on whether or not he should be questioned, and that the directive appeared without notice in the order of the lower court.

A trial court of course, has inherent power to require the appearance of witnesses even as counsel for either side may require the presence and testimony of witnesses. The protection afforded by the rule against self-incrimination may not be injected to invalidate a subpoena or the court's order to appear. An order in this case, or a subpoena in some other case, is not invalid merely because of the possibility that the witness sought to be questioned may possibly be asked some question the answer to which might tend to incriminate him. Were the rule otherwise, each witness might determine for himself whether or not he should answer a subpoena to court and could refuse to appear because he felt that he might be asked some question the answer to which would incriminate him, even though his fears be purely imaginary.

The exception cannot be sustained but the rights of the defendant L. E. Cromer to refuse to answer questions for the reason set forth in the appeal should be determined at an appropriate time.

The questions raised by the appeal of Margaret M. Cromer relate solely to the refusal of the trial court to frame issues for determination by a jury. From a reading of the whole order we conclude that the exceptions must be overruled. It appears that the lower court properly exercised its discretion in treating the case as one purely in

equity and in refusing to frame issues for the defendants. We do not think that the order taken as a whole, is reasonably susceptible of the interpretation that it was based on the ground that the issues do not survive the term.

Had issues been submitted to the jury under the terms of Section 10–1057, then of course, under Section 10–1457 the findings would have been conclusive. The trial court held that such findings were for the enlightenment of the court; it did not hold that the same were not conclusive, and obviously in addition to being for the enlightenment of the conscience of the court the same would be conclusive under Section 10–1457. Inasmuch as the court properly exercised its discretion in refusing to frame the issues, what effect the framing and submission would have had becomes of no consequence.

All exceptions are overruled. Let the order of the lower court be affirmed and the case remanded.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.