609 S.E.2d 592

The STATE, Respondent,

v.

Ernest E. YARBOROUGH, Appellant.

No. 3938.

Court of Appeals of South Carolina.

Heard Dec. 13, 2004.

Decided Jan. 31, 2005.

Rehearing Denied March 18, 2005.

Ernest E. Yarborough, of West Columbia, pro se, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Jennifer D. Evans, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; for Respondent.

HEARN, C.J.:

Ernest Yarborough was convicted of obstruction of justice in 1997. He appealed, and our court remanded the issue of jury misconduct to the extent that premature deliberations were alleged. On remand, the trial court denied Yarborough's request for a new trial, finding Yarborough had not made a *prima facie* showing that premature deliberations had occurred. We affirm.

## FACTS

Ernest Yarborough, an attorney, was convicted of obstruction of justice for offering an alleged victim $500 to drop charges against his client. Before being sentenced, Yarborough requested a new trial, alleging juror misconduct in two respects. First, he argued the jurors improperly discussed a compromise verdict, and second, he argued the jurors deliberated prematurely. To support these allegations, Yarborough sought to offer the testimony of juror Teresa Mobley and the affidavit of juror Keisha Foster, but the trial court refused to consider evidence of the allegations. However, the court sealed the affidavit of juror Foster for the record. Foster's

affidavit suggests the jurors may have compromised on the verdict, whereby a group of jurors agreed to vote guilty on one charge in exchange for a not guilty verdict on another charge. The affidavit does not allege that any premature deliberations took place.

Yarborough was sentenced to ten years imprisonment, suspended on the service of six months, two years probation, and payment of $1,000 in costs and assessments. He appealed.

This court found the trial court committed no error in refusing to hear evidence regarding the jury's alleged discussion of a compromise verdict. *State v. Yarborough*, Op. No.2000–UP–059 (Ct.App.2000) (hereinafter *"Yarborough I "*). However, we found the trial court could have considered evidence of premature deliberations. *Id.* Specifically, our court stated:

> Our supreme court recently held that "premature deliberations may affect fundamental fairness." *State v. Aldret,* 333 S.C. 307, 312, 509 S.E.2d 811, 813 (1999)....

The *Aldret* case sets forth procedures for trial courts to use in cases where premature deliberations are alleged. If, as here, the allegations of premature deliberations are raised after the jury renders its verdict the trial court may consider juror affidavits concerning the misconduct. *Aldret,* 333 S.C. at 315, 509 S.E.2d at 815. Furthermore:

> If the court finds the affidavits are credible and indicate premature deliberations occurred, the court should hold an evidentiary hearing to determine whether such deliberations did in fact occur. The court may, upon the complaining party's request, "reassemble the jurors and conduct *voir dire* to ascertain the nature and extent of premature deliberations." If the court concludes the misconduct did not occur or did not prejudice the party alleging misconduct, the court should make adequate findings to enable a review of the decision. If the court is convinced misconduct occurred but cannot conduct an adequate inquiry because of the passage of time, the court may order a new trial.

*Id.* at 315–316, 509 S.E.2d at 815.

*Yarborough I.*

Based on that analysis, our court remanded the issue of premature jury deliberations to the trial court "for consider-

ation pursuant to *Aldret*." [1]  *Id.*

On remand, Yarborough sought to compel the testimony of two witnesses, Keisha Foster and Marcy Benson. Although they had been subpoenaed,[2] both failed to appear. Yarborough wanted Foster, the juror who previously alleged the jury had compromised on the verdict, to testify regarding the alleged premature deliberations. As to Benson, Yarborough claimed that her testimony would demonstrate that she told Foster not to participate in the case. The trial court denied the motion to compel the attendance of Foster or Benson.

Because his motion to compel was denied, Yarborough moved for a continuance to obtain affidavits from other jurors. This motion was also denied because from the time of the original motion for a new trial to the remand hearing in 2003, Yarborough did nothing to obtain jurors' affidavits. Yarborough claimed he was prevented from obtaining additional affidavits because of a letter that an Assistant Attorney General sent to the trial court judge on April 2, 1997, three days before the hearing on Yarborough's original motion for a new trial. The letter advised the trial court judge that Yarborough was contacting jurors, and asked that the judge prohibit him from doing so until the judge made a determination that that such contact was warranted. However, the trial court did not sympathize with Yarborough's purported predicament, finding that "[n]o reasonable experienced lawyer would have ceased an investigation that he believed to be appropriate based upon receipt of a copy of such a letter to the court."

Finally, Yarborough moved for a new trial based on the allegations of premature jury deliberations, the passage of time (which resulted in a lack of witnesses' memory or availability), and fundamental fairness. The trial court denied the motion, finding that, pursuant to *Aldret*, Yarborough failed to present affidavits to establish a *prima facie* showing of premature deliberations. This appeal followed.

---

1. The trial court did not have the benefit of the *Aldret* opinion when ruling on Yarborough's motion for a new trial.

2. From the affidavit of the process server, Foster may never have received the subpoena, which appears to have been discarded by the adult upon whom he had served it.

## STANDARD OF REVIEW

██ In criminal cases, the appellate court reviews errors of law only and is bound by factual findings of the trial court unless clearly erroneous. *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001); *State v. Cutter,* 261 S.C. 140, 147, 199 S.E.2d 61, 65 (1973); *State v. Butler,* 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct.App.2003).

## LAW/ANALYSIS

Yarborough appeals the trial court's denial of his motions to compel, for a continuance, and for a new trial. He also asserts the trial court erred in refusing to grant him an evidentiary hearing. We disagree with each of his assertions.

### I. Evidentiary Hearing and Motion to Compel

██ Yarborough contends the trial court erred in refusing to compel the attendance and testimony of juror Foster pursuant to the remand. He further argues that, pursuant to *Aldret,* the trial court should have conducted an evidentiary hearing to determine whether premature deliberations occurred.

██ "A trial court ... has inherent power to require the appearance of witnesses even as counsel for either side may require the presence and testimony of witnesses." *Greenwood Lumber Co. v. Cromer,* 225 S.C. 375, 383, 82 S.E.2d 527, 530 (1954). However, *Aldret* does not require the trial court to hear juror testimony whenever there is an allegation of premature deliberations. 333 S.C. at 312–16, 509 S.E.2d at 813–15. According to *Aldret,* the trial court "may consider affidavits when inquiring into allegations of premature jury deliberations." 333 S.C. at 312–313, 509 S.E.2d at 813. Then, *"[i]f* the trial court finds the affidavits credible, and indicative of premature deliberations, an evidentiary hearing should be held to assess whether such deliberations in fact occurred, and whether they affected the verdict." *Id.* at 315, 509 S.E.2d 811, 509 S.E.2d at 815 (emphasis added).

In *Yarborough I,* we remanded the issue of premature jury deliberations and instructed the trial court to follow the procedure set forth in *Aldret.* Based on the record, the trial court

did just that. It considered the affidavit of juror Foster, which makes no allegation of premature deliberations. Because Yarborough failed to produce any other affidavit, he made no showing to the trial court that premature deliberations occurred;[3] thus, the trial court did not err by refusing to hold an evidentiary hearing. Moreover, because an evidentiary hearing was not warranted, there was no reason to compel the appearance of juror Foster; thus the trial court did not err by refusing to grant Yarboroughs motion to compel.

## II. Motion for Continuance

▇▇▇▇ Yarborough also contends the trial court erred in refusing to grant his motion for a continuance "after a crucial witness failed to appear." The granting of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a clear showing of an abuse of discretion. *State v. White,* 311 S.C. 289, 293, 428 S.E.2d 740, 742 (Ct.App.1993). Reversals of refusals of continuances "are about as rare as the proverbial hens teeth." *State v. McMillian,* 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) (citation omitted) (stating this comparison, but ultimately reversing the trial courts refusal to grant a continuance). The party asking for the continuance must show due diligence was used in trying to procure the testimony of an absent witness as well as set forth what the party believes the absent witness will testify to and the grounds for that belief. *See White,* 311 S.C. at 293, 428 S.E.2d at 742–43; *see also* Rule 7(b), SCCrimP (explaining that a motion for continuance to procure the testimony of a witness will not be granted unless the party seeking the testimony made use of due diligence to procure the testimony).

Yarborough submits the trial court should have granted the continuance "to counter the surprise that was fostered by

---

**3.** Yarborough suggests *State v. Covington,* 343 S.C. 157, 539 S.E.2d 67 (Ct.App.2000), supports his contention that the trial court should have compelled testimony through an evidentiary hearing. Yarborough misinterprets *Covington,* in which the trial court reassembled jurors and heard their testimony after the supreme court found the affidavits of two of the jurors were competent evidence and remanded the case for an evidentiary hearing. 343 S.C. at 159–60, 539 S.E.2d at 68. Here, no affidavits indicate juror misconduct in the form of premature deliberations.

Juror Fosters sudden decision not to cooperate, or, to give the court time to force Juror Foster to appear and testify." Yarboroughs argument fails because, as explained above, no evidentiary hearing was warranted, and therefore juror Foster was not needed to testify.[4] Thus, the trial court did not err in refusing to grant Yarboroughs motion for continuance.

## III.  Motion for a New Trial

Finally, Yarborough argues the trial court erred in refusing to grant his motion for a new trial based on the passage of time or based on other claims of fundamental fairness. We disagree.

■ Generally, the denial of a new trial motion will be disturbed only upon a showing of an abuse of discretion. *State v. Covington,* 343 S.C. 157, 163, 539 S.E.2d 67, 69 (citing *State v. Smith,* 316 S.C. 53, 55, 447 S.E.2d 175, 176 (1993)).

### a.  Passage of Time

■ Again relying on *Aldret,* Yarborough suggests the significant amount of time that has passed since the alleged premature jury deliberations justifies a new trial. However, a new trial based on the passage of time is only warranted if the trial court "is convinced premature deliberations did, in fact, occur, but finds it impossible to conduct an adequate post-trial inquiry due to the passage of time. . . ." *Aldret,* 333 S.C. at 316, 509 S.E.2d at 815. The affidavit of Foster was insufficient even to support further inquiry into the matter. If the trial court did not conclude an evidentiary hearing was necessary, it clearly was not convinced any premature deliberations occurred. Therefore, the trial court did not abuse its discretion in refusing to grant Yarborough's motion for a new trial based on the passage of time.

### b.  Fundamental Fairness

■ Yarborough also asserts he was denied fundamental fairness based on discussions of his possible sentences during

---

4. Yarborough does not argue on appeal that he needed more time to obtain more affidavits from jurors as he claimed at trial. However, that claim would also fail based on his inability to show due diligence in obtaining more affidavits.

the deliberation. Again, he relies on the affidavit of Foster to support allegations of these discussions. He argues the trial court erred in refusing to consider this claim because this court "inferentially remanded" the issue in *Yarborough I*. We disagree.

In *Yarborough I,* we held that "[a]lthough the trial court … stated it could not consider the evidence concerning allegations of premature deliberations presented by the defense, the *Aldret* case finds such evidence may be admissible. We remand this issue to the trial court for consideration pursuant to *Aldret.*" In no way does our remand imply that the trial court should consider any issue other than premature deliberations. Therefore, the trial court properly denied the motion for a new trial based on fundamental fairness reasons.

## CONCLUSION

The trial court did not err in denying Yarborough's motion to compel, his motion for a continuance, his request for an evidentiary hearing, or his motion for a new trial. Thus, the trial court's order is

**AFFIRMED.**

GOOSLBY and WILLIAMS, JJ., concur.