PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS   PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dale Owen Shaffer, Appellant,
 
 
 

v.

 
 
 
 Adam Bacot, Respondent.
 
 
 

Appeal From Greenwood County
 J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-348Submitted October 1, 2006  
Filed October 18, 2006

AFFIRMED

 
 
 
 Dale Shaffer, of Greenwood, Pro Se, for Appellant.
 Andrew E. Haselden and R. Davis Howser, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this legal malpractice case, Dale Shaffer contends the trial court erred in denying his motions for continuance and in denying his motion to amend his complaint.  Shaffer also contends the process for litigating legal malpractice cases in South Carolina is unconstitutional.  We affirm.[1]  
FACTS
This legal malpractice action stems from a previous action in which Adam Bacot represented Shaffer in his divorce.  Shaffer, acting pro se, alleges Bacot was negligent in not acting on the many warning signs that [Shaffers ex-wifes divorce attorney] was not performing in a manner consistent with [Bacots] view of what constitutes the proper operation of a domestic relations suit.  Shaffer also contends Bacot failed to carefully review certain documents produced through discovery.  Specifically, Shaffer alleges Bacot failed to timely identify a second appraisal of the marital home which valued the home at a substantially lower value than previously believed.   
Bacot answered, asserting a general denial of most of the factual allegations, numerous defenses, and filed a motion to strike pursuant to Rule 12(f), SCRCP, which was granted.  Shaffer appealed that order asserting the motion to strike should not have been granted and raising numerous constitutional issues.  On May 18, 2004, this court issued an unpublished opinion affirming the order granting Bacots motion to strike and noted the constitutional issues were not properly before the court.  See Shaffer v. Bacot, No. 2004-UP-339 (S.C. Ct. App. filed May 18, 2004).   
Prior to trial, Shaffer made numerous motions for continuance, all of which were denied.  Shaffer also made a motion to amend his complaint just before trial which was also denied.  In his motion to amend, Shaffer sought to include the following:  

 
 D. 
 Failure to identify the possible civil conspiracy on the part of Attorney Jon Newlon and Ackerman Appraisal Service in producing and using an appraisal that may have been designed to be artificially low.  
 
 
 E.
 Failure to secure a third appraisal on the property in question. 
 
 
 F. 
 Failure to identify the possibility and consider the legal ramifications of the Plaintiff converting money from the 401K account into retirement years with the State of South Carolina, with or without the advance knowledge of opposing counsel in the underlying case.  
 

Prior to trial, Shaffer also moved the trial court for a ruling that the process for trying legal malpractice cases in South Carolina violated his constitutional rights.  The trial court denied the motion and stated that Shaffers arguments concerning these issues would be preserved for appeal.    
At the close of the trial, Bacot moved for a directed verdict.  The trial court granted the directed verdict on all grounds except comparative negligence, in essence resolving all the issues in the case.  Shaffer renewed his argument concerning the violation of constitutional rights, of which the trial court took note.  This appeal followed.  
LAW/ANALYSIS
I.       Motions for Continuance 
Shaffer contends the trial court erred in denying his motions for continuance.  We disagree.  
Deciding whether to grant or deny a motion for continuance rests within the sound discretion of the trial court.  Jackson v. Speed, 326 S.C. 289, 309, 486 S.E.2d 750, 760 (1997).  We will not reverse the trial court without a clear showing of an abuse of discretion.  Id.  To justify a continuance, the moving party must show not only the absence of some material evidence but also due diligence on his part to obtain it.  Hudson v. Blanton, 282 S.C. 70, 74, 316 S.E.2d 432, 434 (Ct. App. 1984).  Reversals of refusals of continuances are about as rare as the proverbial hens [sic] teeth.  State v. Yarborough, 363 S.C. 260, 266, 609 S.E.2d 592, 595 (Ct. App. 2005).  
The action was initially filed on April 18, 2002.  Shaffer made motions for continuances on May 9, 19, and 23, 2005, all of which were denied.  The reasons given for the requests were to secure additional discovery materials as well as an expert witness.  The discovery materials were obtained in March 2005, thereby making his motion for a continuance on this basis moot.  As for the issue of obtaining an expert witness, Shaffer contends he exercised due diligence in attempting to obtain one.  However, Shaffer admits he did not begin his search until January of 2005, only four months before trial was set to begin.  Shaffers assertion that he was out of the country and unable to start the search is unavailing as, by his own admission, he began his search by sending letters to potential lawyers, which could have easily been done while out of the country.   
Further, this is not a case where an expert witness has been identified and for some reason is unable to be at trial.  See Yarborough, 363 S.C. at 266, 609 S.E.2d at 595 (finding in case where two witnesses failed to appear at hearing that the party asking for the continuance [m]ust show due diligence was used in trying to procure the testimony of an absent witness as well as set forth what the party believes the absent witness will testify to and the grounds for that belief); Logan v. Gatti, 289 S.C. 546, 547-49, 347 S.E.2d 506, 507-8 (Ct. App. 1986) (finding where plaintiffs expert witness was unexpectedly recalled to active duty with the Navy a few weeks before trial, the failure to grant a motion for a continuance was an abuse of discretion).  As such, Shaffer cannot show what the testimony of the absent witness would have been.  Nor can Shaffer point to any circumstances, such as those in Logan, where his witness could not attend trial unexpectedly.   Accordingly, the trial court did not err in failing to grant Shaffers motions for continuance as Shaffer has failed to show not only the absence of some material evidence but also due diligence on his part to obtain it.  
II.     Motion to Amend Complaint 
Shaffer argues the trial court erred in denying his motion to amend his complaint.  We disagree.  
Rule 15, SCRCP, provides that the complaint may be amended by leave of the court and leave shall be freely given when justice requires and does not prejudice any other party. A motion to amend is within the sound discretion of the trial court and the opposing party has the burden of establishing prejudice.  Foggie v. CSX Transp., Inc., 315 S.C. 17, 22, 431 S.E.2d 587, 590 (1993).  The prejudice in question is lack of notice that a new issue is going to be tried and lack of opportunity to refute it.  Staubes v. City of Folly Beach, 339 S.C. 406, 413, 529 S.E.2d 543, 546 (2000).
Shaffer made the motion to amend his complaint on May 19, 2005, only one business day prior to the scheduled commencement of trial.  Granting the motion would have given Bacot virtually no time to prepare a defense to the new allegations.  Shaffer provided no reason why such a motion could not have been made earlier.  Accordingly, we find the trial court did not err in refusing to allow Shaffer to amend his complaint one business day prior to the trials commencement.  
III.    Constitutional Arguments  
Shaffer contends the process for litigating legal malpractice cases in South Carolina does not protect the plaintiffs due process or equal protection rights provided by both the United States Constitution and the South Carolina Constitution.  We disagree.  
Initially, Shaffer makes a general statement that the process for litigating legal malpractice cases in South Carolina violates the Due Process Clause.  The Fourteenth Amendment to the United States Constitution provides, nor shall any State deprive any person of life, liberty, or property, without due process of law. [D]ue process is flexible and calls for such procedural protections as the particular situation demands. Morrissey v. Brewer, 408 U.S. 471, 481 (1972).  The requirements in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur.  See Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (holding that in determining the process which is due, courts will consider the private interest affected by the proceeding, the risk of error created by the chosen procedure, and the countervailing governmental interest supporting challenged procedure). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.  S.C. Dept of Soc. Servs. v. Beeks, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997).
Shaffer appears to argue that the legal malpractice system in South Carolina is not easily navigated by a non-lawyer and thus violates his due process rights.  This argument, however, does not constitute a denial of due process.  Shaffer, like any other pro se litigant, has the same opportunity for his day in court, notice of proceedings, and most importantly the opportunity to be heard.  He makes no argument that he was denied these rights, and specifically does not argue he was denied these rights due to his status as a pro se litigant.  Accordingly, we find Shaffers right to due process has not been violated.  
Shaffer also asserts his equal protection rights were violated stemming from the availability of attorneys willing to represent plaintiffs in legal malpractice cases.  Equal protection, as provided by the United States Constitution, means that no person, or class of persons, shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under similar circumstances.  U.S. Const. art. 1; U.S. Const. amend. XIV.  Equal protection guarantees only protection enjoyed by other persons in the same place and under like circumstances.  Harrison v. Caudle, 141 S.C. 407, 407, 139 S.E.2d 842, 845 (1927).  To establish an equal protection violation, plaintiffs must demonstrate they were intentionally and purposely subjected to treatment different from others similarly situated.  Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).
However, Shaffer offers no evidence that he or other legal malpractice litigants are treated differently than other malpractice litigants.  There is no evidence that Shaffer has been treated any differently in this case than he would have been if he had been representing himself in a medical malpractice case.  Shaffer makes no argument concerning the inability of his being able to find a lawyer to represent him in this case.  His only arguments concern his inability to find an expert to testify on his behalf, which may very well have been an indication of the strength of his case and not the legal malpractice process.  As such, Shaffer has failed to establish an equal protection violation based on the inability to find a legal representative in this legal malpractice case.  
Additionally, Shaffer asserts that plaintiffs in legal malpractice cases are deprived of their constitutional right to an impartial tribunal.  Specifically, Shaffer contends the legal malpractice process in South Carolina violates both the Due Process Clause and Equal Protection Clause: When comparing plaintiffs in legal malpractice cases to plaintiffs in other cases, plaintiffs in legal malpractice cases are often faced with a judicial tribunal with close professional associations to defendants.  However, Shaffer does not point to any particular judge or any particular wrong.  Instead, he attacks the entire process for adjudicating legal malpractice claims in South Carolina.  He offers no evidence to support his contention.  
South Carolina has enacted numerous ethical guidelines to ensure that every litigant receives a fair trial.  Rule 501, SCACR, establishes guidelines for judicial conduct.  For example, Canon 3(B)(5) provides as follows:  

 A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability or age, and shall not permit staff, court officials and others subject to the judges direction and control to do so.

As such, rules are in place to protect litigants such as Shaffer from disparate treatment by the courts, and because Shaffer can point to no specific injury he has suffered, this court cannot find that the process for litigating legal malpractice claims in South Carolina denies the plaintiff an impartial tribunal.  
Finally, Shaffer provides several remedies for the alleged constitutional violations.  These remedies include, but are not limited to, a panel of individuals to assist the court in its decision making; the creation of a state office to provide legal assistance to legal malpractice pro se plaintiffs; and a call for a revision of the South Carolina Rules of Civil Procedure to make them understandable to anyone with a high school education.  However, these are not remedies that could be implemented without legislative action and, therefore, we cannot properly rule on these suggestions.  
CONCLUSION
For the reasons stated herein, the trial courts decision is 
AFFIRMED. 
ANDERSON, HUFF and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.