721 S.E.2d 475

The STATE, Respondent,

v.

Rodney L. GALIMORE, Appellant.

No. 4934.

Court of Appeals of South Carolina.

Heard Nov. 17, 2011.

Decided Jan. 25, 2012.

472

Chief Appellate Defender Robert M. Dudek and Michael J. Anzelmo, both of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Isaac McDuffie Ston, III, of Beaufort, for Respondent.

LOCKEMY, J.

In this criminal action resulting from a vehicular accident, Rodney Galimore contends the trial court erred in (1) denying his motion for a directed verdict on the charge of felony DUI; (2) denying his motion for a directed verdict on the charge of child endangerment; and (3) granting the State a continuance for three indictments after quashing one indictment for felony DUI. We affirm.

## FACTS

Galimore was indicted during the September 20, 2007 term of the Beaufort County Grand Jury (Grand Jury) on the charges of reckless homicide, driving under suspension, child endangerment, and felony DUI. A jury was selected for trial of these indictments on November 17, 2008. On November 18, 2008, Galimore raised a motion to quash the indictment on the charge of felony DUI, arguing the State failed to identify a violation of a traffic offense. The trial court ruled the State had failed to allege a specific act "forbidden by law," which is an element of felony DUI, and therefore, it quashed the indictment. The State then made a motion for a continuance on the remaining indictments. Galimore objected to the mo-

tion, stating the case dated back to August 17, 2007, and the indictment was issued in September of 2007. The trial court granted the State's motion for a continuance on the three indictments, finding Galimore had the previous year-and-a-half to question the sufficiency of the indictment for felony DUI.

Galimore was re-indicted on November 20, 2008, by the Grand Jury for felony DUI, with the indictment alleging Galimore "failed to drive on the right side of the roadway," in violation of section 56-5-1810 of the South Carolina Code. The case was brought before a jury on December 8, 2008. At the close of evidence, Galimore made motions for directed verdicts on the charges of felony DUI and child endangerment, arguing the State presented no evidence that Galimore acted in a way "forbidden by law." The trial court denied Galimore's motions. The jury found Galimore guilty on all four charges. This appeal followed.

## ISSUES ON APPEAL

1. Did the trial court err in denying Galimore's motion for a directed verdict on the charge of felony DUI when Galimore contends the State presented no evidence he committed an act prohibited by law or failed to observe a duty imposed by law?

2. Did the trial court err in denying Galimore's motion for a directed verdict on the charge of child endangerment when the charge was based upon the violation of the felony DUI statute, a charge on which Galimore argues he was entitled to a directed verdict?

3. Did the trial court err in granting the State a continuance after quashing the indictment for felony DUI when Galimore contends it incorrectly reasoned he should have had a hearing on his motion earlier?

## STANDARD OF REVIEW

"In criminal cases, the appellate court sits to review errors of law only." *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Thus, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.*

## LAW/ANALYSIS

### I. Directed verdict motion on felony DUI

Galimore contends the trial court erred in denying his motion for a directed verdict on the charge of felony DUI. Specifically, Galimore argues the police officer testified Galimore made a legal turn-around. Thus, the State failed to prove an element of felony DUI because they did not present any evidence Galimore committed an act prohibited by law or failed to observe a duty imposed by the law. We disagree.

"When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight." *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State. *Id.* "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, this [c]ourt must find the case was properly submitted to the jury." *Id.* at 292–93, 625 S.E.2d at 648. The trial court should grant a directed verdict when the evidence merely raises a suspicion that the accused is guilty. *State v. Hernandez*, 382 S.C. 620, 625–26, 677 S.E.2d 603, 605–06 (2009). A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. *State v. Ladner*, 373 S.C. 103, 120, 644 S.E.2d 684, 693 (2007).

Here, the indictment for felony DUI states Galimore "failed to drive on the right side of the roadway pursuant to § 56–5–1810...." Section 56–5–1810 of the South Carolina Code states:

(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; (2) When an obstruction exists making it necessary to drive to the left of the center of the highway. Any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance so as not to constitute an immediate hazard; (3) Upon a roadway divid-

ed into three marked lanes for traffic under the rules applicable thereon; or (4) Upon a roadway restricted to one-way traffic.

(b) Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

(c) Upon any roadway having four or more lanes for moving traffic and providing for two-way movement of traffic, no vehicle shall be driven to the left of the center line of the roadway, except when authorized by official traffic-control devices designating certain lanes to the left side of the center of the roadway for use by traffic not otherwise permitted to use such lanes, or except as permitted under item 2 of subsection (a). This subsection shall not be construed as prohibiting the crossing of the center line in making a left turn into or from an alley, private road or driveway.

S.C.Code Ann. § 56–5–1810 (2006)

■ Trooper Nick Sprouse testified many times to evidence supporting that indictment. He explained at length about why debris found in the road was important to show Galimore failed to drive on the right side of the roadway. Sprouse specifically stated, "Here's your pool of sand and debris and as you can see the tire mark that goes out it never established the correct lane." He then stated on cross-examination that the evidence at the scene supports the allegation that Galimore never drove in the proper lane after executing his turn-around. In looking at the record and all reasonable inferences in the light most favorable to the State, we find evidence existed for the jury to weigh whether Galimore violated section 56–5–1810, thus supporting a charge of felony DUI. Accordingly, we affirm the decision of the trial court.

## II. Directed verdict on child endangerment charge

Galimore argues the trial court erred in denying his motion for a directed verdict on the charge of child endangerment.

He specifically contends that because the charge of child endangerment is premised upon his felony DUI charge, and his motion for a directed verdict on the felony DUI charge should have been granted, his motion for a directed verdict on the child endangerment charge should have been granted as well. We disagree.

Since we find evidence existed for the jury to weigh whether Galimore violated section 56–5–1810, thus supporting a charge of felony DUI, we also find evidence existed for the jury to weigh the charge of child endangerment. Therefore, we affirm the decision of the trial court as to the denial of a directed verdict on the child endangerment charge.

### III. State's motion for continuance

■ Galimore contends the trial court erred in granting the State's motion for a continuance on the remaining three charges after quashing his indictment for felony DUI. We disagree.

■ " 'The granting of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a clear showing of an abuse of discretion.' " *State v. Geer*, 391 S.C. 179, 189, 705 S.E.2d 441, 447 (Ct.App. 2010) (quoting *State v. Yarborough*, 363 S.C. 260, 266, 609 S.E.2d 592, 595 (Ct.App.2005)). " 'An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support.' " *Id.* (quoting *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001)); *see also State v. Funderburk*, 367 S.C. 236, 239, 625 S.E.2d 248, 249–50 (Ct. App.2006) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."). Even if there was no evidentiary support, " '[i]n order for an error to warrant reversal, the error must result in prejudice to the appellant.' " *Geer*, 391 S.C. at 190, 705 S.E.2d at 447 (quoting *State v. Preslar*, 364 S.C. 466, 473, 613 S.E.2d 381, 385 (Ct.App.2005)); *see also State v. Wyatt*, 317 S.C. 370, 372–73, 453 S.E.2d 890, 891–92 (1995) (stating that error without prejudice does not warrant reversal).

Here, the trial court explained its reasoning behind granting the State's motion for a continuance, stating it felt Galimore was "the architect of the problem that [it] had by making the

motion [that day]." The trial was held approximately three weeks after the continuance was granted. Considering the high degree of deference this court gives the trial court in granting a motion for continuance, we find the trial court was within its discretion in this instance. Accordingly, we affirm the trial court.

## CONCLUSION

Based on the foregoing reasons, the trial court's decision is **AFFIRMED.**

HUFF and PIEPER, JJ., concur.