**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darrell Lee Birch, Appellant.

Appellate Case No. 2012-213215

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-366
Heard October 14, 2014 – Filed October 29, 2014

**AFFIRMED**

Appellate Defender Carmen V. Ganjehsani, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, and Assistant
Attorney General William M. Blitch, Jr., all of Columbia,
for Respondent.

**PER CURIAM:** Darrell Lee Birch appeals his convictions for possession with intent to distribute cocaine base and for possession of ecstasy, arguing the trial court erred in (1) refusing to suppress the drug evidence because his mere presence at a home lawfully searched did not create probable cause to search him, the officer

lacked reasonable suspicion for a *Terry*[1] stop and frisk, and the search exceeded the scope of a lawful pat-down when the officer forcibly removed Birch's hand from his pocket; (2) denying Birch's motion for a continuance; and (3) refusing to grant a mistrial because an officer's testimony constituted improper prior bad acts evidence. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      Regarding the trial court's denial of Birch's motion to suppress the drug evidence: *Michigan v. Summers*, 452 U.S. 692, 705 (1981) (holding officers executing search warrants are permitted to detain occupants until search is completed); *Muehler v. Mena*, 544 U.S. 93, 98-99 (2005) (permitting use of reasonable force to effectuate detention of occupants during execution of search warrant); *State v. Freiburger*, 366 S.C. 125, 132, 620 S.E.2d 737, 740 (2005) (holding full warrantless search of person is permitted if he has been lawfully arrested, and search is conducted in immediate vicinity of, and substantially contemporaneously to, arrest).

2.      Regarding the trial court's denial of Birch's motion for a continuance: *State v. Yarborough*, 363 S.C. 260, 266, 609 S.E.2d 592, 595 (Ct. App. 2005) ( "The granting of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a clear showing of an abuse of discretion."); Rule 7(b), SCRCrimP (stating no motion for continuance for absence of witness will be granted without sworn statement that witness' testimony is material, and due diligence has been used to procure witness); Rule 7(b)(2), SCRCrimP (requiring sworn statement concerning facts defendant believes absent witness would testify to and the grounds for such belief); *State v. Colden*, 372 S.C. 428, 438, 641 S.E.2d 912, 918 (Ct. App. 2007) (holding all aspects of Rule 7(b), SCRCrimP, are strictly required); *State v. McKennedy*, 348 S.C. 270, 280-81, 559 S.E.2d 850, 855-56 (2002) (finding defendant was not entitled to continuance when he failed to name any witnesses he wished to call, how they would be beneficial to his case, or identify any evidence that could be introduced if he had more time to prepare); *Skeen v. State*, 325 S.C. 210, 214-15, 481 S.E.2d 129, 131-32 (1997) (finding no reversible error for failure to request continuance because no evidence was presented that additional time to prepare would have made any possible impact on result).

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

3.    Regarding the trial court's denial of Birch's motion for a mistrial: *State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is within the sound discretion of the trial judge."); *State v. Thompson*, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) (finding officer's single reference to warrants for the defendant "did not constitute sufficient prejudice to justify a mistrial"; holding vague reference to prior criminal record does not warrant mistrial when State does not attempt to introduce evidence accused has been convicted of other crimes); *State v. Wiley*, 387 S.C. 490, 496, 692 S.E.2d 560, 563 (Ct. App. 2010) (finding reference during opening statements to outstanding warrants did not justify mistrial); *State v. George*, 323 S.C. 496, 511, 476 S.E.2d 903, 912 (1996) (concluding judge's instruction to disregard statements suggesting defendant's possible involvement with drugs cured any alleged error; finding issue of whether denial of mistrial was proper to be unpreserved but noting appellant's "possible drug dealing was merely suggested and no testimony was presented concerning such behavior").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**