THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

James Roscoe Scofield, Appellant.

Appellate Case No. 2012-213731

Appeal From Abbeville County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-066
Heard October 15, 2014 – Filed February 4, 2015

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

**PER CURIAM:** In this criminal appeal, James Scofield argues the circuit court
erred in denying his motion for a directed verdict on the charge of conspiracy to

commit murder because the State failed to prove the existence of an agreement between Scofield and another party to commit murder.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Crawford*, 362 S.C. 627, 633, 608 S.E.2d 886, 889 (Ct. App. 2005) ("The appellate court may reverse the [circuit court's] denial of a motion for a directed verdict only if there is no evidence to support the [court's] ruling." (citing *State v. Gaster,* 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002))); *State v. Galimore*, 396 S.C. 471, 475, 721 S.E.2d 475, 477 (Ct. App. 2012) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State." (citation omitted)); *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury." (quoting *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006))); *State v. Needs*, 333 S.C. 134, 144, 508 S.E.2d 857, 862 (1998) ("[T]he jury is the judge of which contradictory statement of the witness is the truth." (citation omitted)); *Crawford*, 362 S.C. at 634, 608 S.E.2d at 890 (finding the contradiction between an accomplice's statement to the police and the subsequent trial testimony disavowing knowledge of the defendant's involvement was a matter of weight for the jury to resolve).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**