**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Wayne Miller, Appellant.

Appellate Case No. 2016-000642

———————

Appeal From Kershaw County
Tanya A. Gee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-121
Submitted February 1, 2018 – Filed March 21, 2018

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Megan Harrigan Jameson, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** James Wayne Miller appeals his convictions for second-degree criminal sexual conduct and incest, arguing the trial court erred by (1) denying his motion for a continuance and failing to order a competency examination to

determine if he was competent to stand trial and (2) permitting Dr. Allison Foster to testify as an expert in child abuse assessment because the subject matter of her testimony was unreliable and her testimony improperly bolstered the victim's credibility. We affirm.[1]

1. We find the trial court did not abuse its discretion by denying Miller's motion for a continuance. *See State v. Yarborough*, 363 S.C. 260, 266, 609 S.E.2d 592, 595 (Ct. App. 2005) ("The granting of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a clear showing of an abuse of discretion."); *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support." (quoting *State v. Greer*, 391 S.C. 179, 189, 705 S.E.2d 441, 447 (Ct. App. 2010))); *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."); *Yarborough*, 363 S.C. at 266, 609 S.E.2d at 595 ("Reversals of refusals of continuances 'are about as rare as the proverbial hens teeth.'" (quoting *State v. McMillian*, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002))).

We also find the trial court did not abuse its discretion by failing to order a competency examination of Miller. *See* S.C. Code Ann. § 44-23-410(A) (2017) (providing a court shall order a competency evaluation whenever it "has reason to believe that a person on trial before [it], charged with the commission of a criminal offense or civil contempt, is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity"); *State v. Locklair*, 341 S.C. 352, 364, 535 S.E.2d 420, 426 (2000) ("Despite the mandatory language of the statute requiring a [court] to order a competency examination if there is reason to believe that a person charged with a criminal offense is not fit to stand trial, ordering a competency examination is within the discretion of the trial [court] and a refusal to grant an examination will not be disturbed on appeal absent a clear showing of an abuse of discretion."); *State v. Burgess*, 356 S.C. 572, 575, 590 S.E.2d 42, 44 (Ct. App. 2003) ("Factors to be considered in determining whether further inquiry into a defendant's fitness to stand trial is warranted include evidence of his or her

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

irrational behavior, his or her demeanor at trial, and any prior medical opinion on his or her competence to stand trial.").

2. We find the trial court did not abuse its discretion by allowing Dr. Foster to testify as an expert witness in child abuse assessment. *See State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *State v. Strokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). First, based on Dr. Foster's testimony regarding the field of child abuse assessment, her work in the field, and the sources of her testimony, we find the subject matter of Dr. Foster's testimony was reliable. *See Watson v. Ford Motor Co.*, 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010) (stating before allowing a jury to hear expert testimony, the trial court must (1) "find that the subject matter is beyond the ordinary knowledge of the jury, thus requiring an expert to explain the matter to the jury," (2) "find that the proffered expert has indeed acquired the requisite knowledge and skill to qualify as an expert in the particular subject matter," and (3) "evaluate the substance of the testimony and determine whether it is reliable"); *State v. Council*, 335 S.C. 1, 19, 515 S.E.2d 508, 517 (1999) (providing to determine if scientific expert testimony is reliable, the trial court must consider "(1) the publications and peer review of the technique, (2) prior application of the method to the type of evidence involved in the case, (3) the quality control procedures used to ensure reliability, and (4) the consistency of the method with recognized scientific laws and procedures"); *White*, 382 S.C. at 274, 676 S.E.2d at 688 (stating in cases with nonscientific expert testimony, the factors applying to scientific testimony cannot be readily applied, and there is no formulaic approach to determine reliability); *State v. Jones*, 417 S.C. 319, 331, 790 S.E.2d 17, 23 (Ct. App. 2016), *cert. granted*, S.C. Sup. Ct. Order dated Aug. 22, 2017, ("[T]he testimony of child abuse assessment experts is nonscientific.").

Second, we find Dr. Foster's testimony did not improperly bolster the victim's credibility because she did not interview the victim prior to trial and did not comment on the victim's credibility during her testimony. *See State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible."); *id.* at 475, 523 S.E. 2d 794 ("Such testimony is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault."); *id.* ("It assists the jury in understanding some of the aspects of the behavior of victims and

provides insight into the sexually abused child's often strange demeanor."); *State v. Brown*, 411 S.C. 332, 342, 768 S.E.2d 246, 251 (Ct. App. 2015) ("The general behavioral characteristics of child sex abuse victims are, therefore, more appropriate for an expert qualified in the field to explain to the jury, so long as the expert does not improperly bolster the victims' testimony."); *State v. Kromah*, 401 S.C. 340, 358-59, 737 S.E.2d 490, 500 (2013) ("[I]t is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter."); *State v. Barrett*, 416 S.C. 124, 130, 785 S.E.2d 387, 390 (Ct. App. 2016) ("[T]he practice of qualifying the forensic interviewer who conducted the alleged victim's forensic interview as an expert in child abuse assessment" has not been "prohibit[ed] outright."); *State v. Anderson*, 413 S.C. 212, 218, 776 S.E.2d 76, 79 (2015) ("The better practice, however, is not to have the individual who examined the alleged victim testify, but rather to call an independent expert.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**