## STATE v. JOHNSON.

1. TRIAL—STENOGRAPHER.—Where a case proceeds to trial in the absence of the stenographer without objection, the trial judge taking notes of the testimony, an exception based upon such absence will not be sustained.
2. EVIDENCE—RIOT—SECRET SOCIETY.—Under an indictment for riot, testimony may be received to show that the defendants were all members of the same secret society, it appearing that the assault and battery, also charged in the indictment, grew out of a matter originating in the society.
3. STATEMENTS TO JURY—OBJECTION.—This court will not consider objections raised for the first time by exceptions after trial to statements made by the solicitor before the jury.
4. EVIDENCE—LEADING ONE'S OWN WITNESS.—A party cannot impeach the credibility of his own witness, but this court will not declare error on the part of the trial judge in permitting a leading question by the State's attorney to his own witness, who has inadvertently confused names in his first statements.
5. PETITION FOR REHEARING refused.

Before TOWNSEND, J., Barnwell, July, 1894.

Indictment against Alex. Johnson and six others for riot and assault and battery of a high and aggravated nature.

*Mr. James E. Davis,* for appellants.

*Mr. Bellinger*, solicitor, contra.

February 18, 1895.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The seven appellants were tried in the Court of General Sessions for Barnwell County, in this State, before his honor, Judge Townsend, and a jury, at the July Term, 1894, on the charge of riot and assault and battery of a high and aggravated nature.  The verdict was guilty, and after judgment pronounced thereon, they appealed on the following grounds: 1. Because it was error to order on the case for trial in the absence of the stenographer.  2. Because it was error to allow the prosecuting witness to testify that defendants belong to a secret society, and to the name of the same.  3. Because it was error to allow the solicitor to state in the presence of the jury that Percy Williams, a witness for the State, had deceived and misled him, and that he (the solicitor) wished to cross-examine him as to contradictory statements.  4. Because the court erred in allowing the solicitor to lead the said witness, and in allowing said witness to answer over defendants' objections.  5. In allowing the State to introduce evidence as to defendants' connection with and concealing a certain buggy, and in allowing the testimony as to who held mortgages over the same.

We will pass upon these exceptions in their order.  The first exception suggests error in the Circuit Judge "in ordering on the trial in the absence of the stenographer."  The "Case" discloses the fact, that the absence of the stenographer was owing to the sickness of that official, and that "the trial began and terminated without objection as to the absence of the stenographer, the presiding judge taking notes."  Thus, it is made clear that the defendants made no request of the Circuit Judge, and that the Circuit Judge made no order touching the absence of the stenographer.  Such being the case, especially in view of the fact, that all this was done without any objection from the defendants, we do not feel justified in interfering, and this exception must be overruled.

The second exception raises the question as to the competency of the testimony offered by the prosecuting witness, that the

defendants were members of a secret society, giving the name of such secret society. We are not inclined to regard this testimony as incompetent in this case. The defendants were being tried for riot as well as an aggravated assault and battery. In the light of the very definition of riot, importing, as it does, a combination or "concert of three or more persons to mutually assist each other against any one who shall oppose them in some enterprise of a private nature with force and violence against the peace, * * * whether the act were of itself lawful or unlawful, provided they proceeded to execute the thing intended." *State* v. *Cole and others*, 2 McCord, 118. The testimony complained of was competent. The facts developed at the trial were these: One Nimmons, with the defendants, were members of a secret society. For some cause Nimmons was expelled from the membership. A member in good standing, we are to presume, of the society bought a buggy from one Price, partly on a credit, and to secure the credit portion mortgaged the buggy to Price, but this member, who purchased the buggy, borrowed twenty dollars from the secret society, leaving the buggy in the hands of defendant Wroton, as its president, in pledge. Wroton, knowing of the mortgage to Price, secreted the buggy, its owner having absconded. Price paid Nimmons five dollars to tell where the buggy was secreted, and acting upon this information, recovered the buggy. Wroton then said the secret society would pay twenty dollars to learn who had informed Price. He got the information that Nimmons was the informant. Shortly after getting the information, Wroton induced Nimmons to go with him at night to a meeting of the society, and while going to the meeting, in passing through the woods, they were met by the other defendants, who tied Nimmons to a tree and severely whipped him. The exception must be overruled.

The third exception complains that the solicitor was allowed to make a statement before the jury as therein set forth. In the "Case," we do not find that the defendants objected to the statement made by the solicitor. The only objection made by them in this connection was when the solicitor proceeded to "cross-examine" his own witness. Such

being the facts, no error was committed by the Circuit Judge, that we can review. While, therefore, we overrule this objection, we apprehend that the object of the defendant will be fully met when we consider the fourth exception.

The fourth exception presents the only serious question involved in the appeal. It seems that when the solicitor was examining one Percy Williams as a State witness, such witness gave an answer to his question that was unexpected, because in its effect it was totally at variance with the information voluntarily given by such witness to the solicitor before the trial. The witness was asked by the solicitor if he saw Richmond Wroton and Nimmons together the night the latter was so cruelly beaten, and he answered "yes." He was then asked if he heard any conversation between them; his reply was: "Yes, I heard *Nimmons persuading* Wroton to go with him to the debating club" (italics ours). It was at this juncture the solicitor asked the judge "to allow him to lead the witness, as he was an unwilling witness." To this the judge replied that the witness did not appear to be an unwilling witness. But afterwards, upon the solicitor explaining to the court that this witness had voluntarily given him information at variance with his answer to his last question, the court then decided that the witness was a hostile witness. From this there is no appeal. The solicitor then asked the witness: "Did you not voluntarily come into my office and, in the presence of Thomas Nimmons, yesterday, tell me that you heard *Wroton begging* Nimmons to go to the debating club with him?" To this question the defendants objected. The court allowed the answer, hence this ground of appeal.

There is no doubt but that the rule in this State is, that when a witness is offered by a plaintiff, or defendant, as the case may be, it is not allowed to the party so offering such witness to impeach his credibility either by testimony as to his general character, or that he made statements inconsistent with those made by him on the stand. *Bauskett* v. *Keitt*, 22 S. C., 187, 189, and cases there cited. But we do not think this exception relates to a matter so serious. This really was an effort on the part of the State's attorney to allow a witness to correct an

honest mistake. No doubt, the witness had, from "stage fright," changed the names of Nimmons for Wroton, and *vice versa.* In other words, he meant to say that he had heard Wroton begging Nimmons to go with him that night to the debating club, for as soon as the solicitor called his attention to what he had voluntarily told him the day before, the witness admitted it. While we cannot sustain the exception in this instance for the reasons given, we desire to state that we still adhere to the rule laid down in *Bauskett* v. *Keitt, supra,* and the cases there cited.

So far as the fifth exception is concerned, it is disposed of adversely to the appellants by what we have held in overruling the second exception herein.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

In this case a petition was filed asking for a rehearing, upon which was endorsed, June 10, 1895, the following order

PER CURIAM. A careful consideration of this petition fails to satisfy us that any material fact or principle of law has either been overlooked or disregarded, and hence there is no ground for a rehearing. It is, therefore, ordered, that the petition be dismissed, and that the stay of the remittitur heretofore granted be revoked.