7957

## STATE v. McKAY.

1. CONTRADICTING WITNESS.—A party may cross-examine a hostile witness or show that facts as detailed by him are otherwise, but he cannot contradict him by showing contrary or inconsistent statements, or by his testimony at a preliminary hearing.

2. APPEAL—ARREST.—Order from solicitor to sheriff to arrest and incarcerate a witness as he came off the stand to await an indictment for perjury is not shown to have been prejudicial to appellant in this case.

3. EVIDENCE.—In connection with other errors in the record it was error for trial Judge to admit evidence that a witness had employed counsel to assist the solicitor in prosecuting the case.

Before DeVore, J., Marlboro.　　　Reversed.

Indictment against Thomas McKay.　Defendant appeals.

*Messrs. Townsend & Rogers,* for appellant, cite: *Prosecutrix should not state circumstances in detail:* 52 S. C. 488; 19 Ency. 959. *Party may not discredit his own witness:* 7 S. C. 289; 43 S. C. 16; Chev. 44; 1 Bail. 32; 73 S. C. 408; 2 N. & McC. 331. *Improper conduct or language by State's*

*attorney in presence of jury:* 77 S. C. 409; 80 S. C. 352; 16 Ency. 524; 4 Ency. 875; 38 S. C. 580; 48 S. C. 145.

*Solicitor J. Monroe Spears,* contra.

July 7, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   At the trial below, the State put up Knox Purvis, a witness who had been examined before the committing magistrate.   He said that he knew nothing about the case,—that the prosecutrix and her sisters had persuaded him to tell what he had told at the preliminary investigation, and that what he had there sworn was false.   The prosecuting attorney then stated to the Court that he had been taken by surprise, and asked to be allowed to examine the witness by leading questions, on the ground that he was hostile.   This was allowed, against defendant's objection. Against objection of defendant's attorney, the Court also allowed the State to use the testimony of the witness which had been taken down by the magistrate for the purpose of contradicting him,—the Court ruling as follows: "It is alleged that this witness has made statements previous to this time that were contrary to the statements he makes here in open Court.   I do not think the rule allows a man to put up a witness and contradict him; but it does, if he is taken by surprise, and says he has made a different statement from that in Court.   That is how I rule this testimony in."

The rule is that the Court may, in its discretion, allow a party to propound leading questions to his own witness for the reason, among others, that the witness is hostile to him. While a party is not concluded by the testimony given by his own witness, but may prove the facts to be other than as testified to by such witness, he is not permitted to impeach the credibility of his own witness either by testimony as to his general character, or by contradicting him, that is, by proving that, on some other occasion, he made inconsistent statements.   *State* v. *Johnson,* 43 S. C.

126, 20 S. E. 988; *Bauskctt* v. *Keitt,* 22 S. C. 199, and cases cited.

When the witness Purvis came off the stand the solicitor ordered the sheriff, in open Court, to arrest him and take him to jail to answer an indictment for perjury. This was done against defendant's protest. It is alleged that this was prejudicial to defendant, because it was calculated to intimidate any other witness from varying the testimony which he had given at the preliminary investigation. There is nothing in the record tending to show any such prejudice. It is purely conjectural and barely possible, but highly improbable. Therefore it affords no ground for reversal. On the contrary, we are inclined to commend prompt action by those charged with the administration of the law, when it has been flagrantly violated. And we are of the opinion that if perjurers were more invariably and promptly and vigorously prosecuted and punished, there would be fewer miscarriages of justice in our Courts.

The Court erred in allowing the witness, Hucksbee, to testify that he employed counsel to assist the solicitor in prosecuting the case. It was clearly irrelevant. Standing alone, it might not be sufficient to call for a reversal, but, when taken in connection with the other errors which appear in the record, we are impelled to the conclusion that there should be a new trial.

Reversed.

MR. CHIEF JUSTICE JONES *and* MR. JUSTICE GARY *concur in the judgment on the first ground stated.*