19849

The STATE, Respondent, v. Jimmy W. DARR, Appellant

(206 S. E. (2d) 870)

*John D. Long, III, Esq.,* of *Long & Powell,* Union, *for Appellant.*

*John H. Nolen, Esq., Sol.,* of Spartanburg, *for Respondent.*

July 2, 1974.

*Per Curiam:*

On September 13, 1973, in the Court of General Sessions for Cherokee County, the appellant-Darr was convicted of the offense of assault and battery of a high and aggravated nature. He appeals from his conviction and sentence asserting two errors on the part of the trial judge.

The case was submitted to the jury at 3:10 p. m. on September 13. At 5:42 p. m. the trial judge recalled the jury, which had not yet reached a verdict, and instructed it upon the importance of reaching a verdict. In response to a question from a juror, he charged further upon the law of self-defense. The jury retired, but defense counsel requested its immediate recall and a further clarification by the trial judge of his instructions as to the law of self-defense, which request was granted. Following this the jury retired again at 5:51 p. m. and returned a verdict of guilty at 6:23 p. m.

The appellant first contends that His Honor erred in urging the jury to reach an agreement. There is no merit in the contention. It is the duty of the trial judge to urge the jury to agree upon a verdict provided he does not coerce them. See numerous cases collected in West's South Carolina Digest, Criminal Law, Key 865. We find nothing whatever in the charge of the trial judge which was in any manner coercive of the jury.

Appellant's second contention is that the trial judge erred in sending the jury out "for a second and a third time without having agreed upon a verdict" in violation of Section 38-303 of the 1962 Code of Laws. A simple and dispositive answer is that the record does not support such contention.

The exceptions of the appellant are without merit and the judgment below is accordingly,

Affirmed.