21551

The STATE, Respondent, v. Bernard CONYERS, Appellant.

(281 S. E. (2d) 484)

Chief Atty. *John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Preston F. McDaniel,* Columbia, and *Asst. Sol. Steve Schmutz,* Charleston, *for respondent.*

August 18, 1981.

*Per Curiam:*

Appellant was convicted of criminal sexual conduct in the second degree and sentenced to twenty (20) years' imprisonment. He appeals that conviction, alleging the trial judge's instruction misled jurors into believing they could change their verdict once rendered or be reversed in their findings of fact by this Court.

In *State v. Tyner,* 273 S. C. 646, 258 S. E. (2d) 559 (1979) we held comments by the prosecuting attorney during his closing argument required reversal of the death penalty therein imposed. Those comments concerned appellate review of a death sentence and were held to have diverted the jury from its responsibility to decide the defendant's fate. *Id.,* at 566.

The test for determining if similar statements by a trial judge require reversal is whether, based on the whole record, a reasonable hypothesis exists that the jurors, thinking any mistake on their part could be corrected, were remiss in their duties. This test applies ". . . even though there is language incidentally susceptible to an objectionable construction." 79 Am. Jur. (2d), *Trial,* Section 99, p. 200.

The remarks of the trial judge in this case were made in the course of discussing the jury deliberation process generally, while admonishing the jury to reach a verdict. We have held that giving a noncoercive charge urging agreement among jurors is a duty of the

trial judge. Such a charge must be viewed as a whole, with words considered in their context. *State v. Darr*, 262 S. C. 585, 206 S. E. (2d) 870 (1974) ; *State v. Pulley*, 216 S. C. 552, 59 S. E. (2d) 155 (1950).

In the context of the entire charge, we hold it is not reasonable to hypothesize the jurors were remiss in their duties. The instruction given is at best incidentally susceptible to an objectionable construction when taken out of context and fails to constitute prejudicial error.

Accordingly, the order of the lower court is affirmed.