509 S.E.2d 811

The STATE, Respondent–Petitioner,

v.

Clarence E. ALDRET, Petitioner–Respondent.

No. 24876.

Supreme Court of South Carolina.

Heard Nov. 5, 1998.

Decided Jan. 4, 1999.

Rehearing Denied Feb. 5, 1999.

Stephen P. Groves, Sr. and Stephen L. Brown, both of Young, Clement, Rivers & Tisdale, Charleston, and Reese I. Joye and John L. Drennan, both of Joye Law Firm, North Charleston, for petitioner/respondent.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Deputy Assistant Attorney General Salley W. Elliott, all of Columbia, and Solicitor Ralph J. Wilson, of Conway, for respondent/petitioner.

WALLER, Justice:

We granted certiorari to review the Court of Appeals' opinion in *State v. Aldret,* 327 S.C. 321, 489 S.E.2d 635 (Ct.App.1997). We affirm in part, reverse in part.

## FACTS

Aldret was convicted of driving under the influence (DUI). Following the jury's verdict, Aldret moved for a new trial, contending the jury had engaged in premature deliberations. In support of this motion, he submitted the affidavit of an alternate juror, Dr. Martin Laskey. The trial court refused to consider the affidavit and denied the new trial motion. On appeal, the Court of Appeals originally reversed and remanded for a new trial, finding the trial court erred in refusing to consider the Laskey affidavit. On rehearing, the Court of Appeals determined a remand was appropriate to determine whether the jury had prematurely begun deliberations and whether Aldret had been prejudiced thereby.

## ISSUES

1. Did the Court of Appeals err in ruling the trial court should have considered the affidavit?

2. Did the Court of Appeals err in remanding the matter, rather than reversing outright for a new trial?

## 1. JUROR AFFIDAVIT

It has long been the rule in this state that a juror's testimony is not admissible in order to prove either his own misconduct or that of fellow jurors. *State v. Thomas,* 268 S.C. 343, 234 S.E.2d 16 (1977); *Barsh v. Chrysler Corp.,* 262 S.C. 129, 203 S.E.2d 107 (1974). Recently, however, this Court has moved away from the traditional rule, holding juror testimony regarding internal jury misconduct may be admissible if necessary to ensure fundamental fairness. *State v. Hunter,* 320 S.C. 85, 463 S.E.2d 314 (1995).[1] *See also McDonald v. Pless,*

---

1. *See also* Rule 606(b), SCRE. It provides:

(b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's

238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915).[2] The question here is whether the misconduct in this case, i.e., premature jury deliberations, involves a matter of fundamental fairness. We hold that it does, and accordingly, we affirm the Court of Appeals' holding on this issue.

We have routinely held instructions which invite jurors to engage in premature deliberations constitute reversible error. *See State v. Thomas,* 307 S.C. 278, 414 S.E.2d 783 (1992); *Gallman v. State,* 307 S.C. 273, 414 S.E.2d 780 (1992) *State v. Pierce,* 289 S.C. 430, 346 S.E.2d 707 (1986); *State v. Joyner,* 289 S.C. 436, 346 S.E.2d 711 (1986); *State v. McGuire,* 272 S.C. 547, 253 S.E.2d 103 (1979); *State v. Gill,* 273 S.C. 190, 192, 255 S.E.2d 455, 457 (1979). The rationale for prohibiting premature jury deliberations was set forth in *McGuire, supra,* in which we stated:

> [A] jury should not begin discussing a case, nor deciding the issues, until all of the evidence, the argument of counsel, and the charge of the law is completed.... The reason for the rule is apparent. The human mind is constituted such that when a juror declares himself, touching any controversy, he is apt to stand by his utterances to the other jurors in defiance of evidence. A fair trial is more likely if each juror keeps his own counsel until the appropriate time for deliberation.

Similarly, other courts have recognized premature deliberations may affect the fundamental fairness of a trial. *See*

---

deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

2. Aldret's Motion for a New Trial is not contained in the Appendix. It appears, however, that the motion was not based upon any **extraneous** prejudicial information brought to the jury's attention by Juror Laskey, but was based solely upon **internal** misconduct, i.e., the jury's allegedly premature deliberations. Juror testimony or affidavits are generally admissible in the case of an extraneous influence. *Hunter, supra.*

*United States v. Resko*, 3 F.3d 684 (3d Cir.1993), *cert. denied*, 510 U.S. 1205, 114 S.Ct. 1326, 127 L.Ed.2d 674 (1994)(prohibition against premature deliberations protects defendant's right to a fair trial as well as his or her due process right to place burden on the government to prove its case). Accordingly, we hold premature jury deliberations may affect "fundamental fairness" of a trial such that the trial court may inquire into such allegations and may consider affidavits in support of such allegations.

However, under the circumstances of this case, we find no error in the trial court's refusal to conduct further inquiry. We have routinely held that a party must object at the first opportunity to preserve an issue for review. *State v. Sullivan*, 310 S.C. 311, 426 S.E.2d 766 (1993); *State v. Williams*, 303 S.C. 410, 401 S.E.2d 168 (1991). A contemporaneous objection is required to preserve an issue for appellate review. *Taylor v. Medenica*, 324 S.C. 200, 479 S.E.2d 35 (1996). Here, prior to the jury's verdict, counsel for Aldret, in talking to Juror Laskey, discovered the jury's allegedly premature deliberations. Although Aldret's brief indicates this information was made known to the trial judge and the state prior to the verdict, there is no indication **on the record** that the trial judge was made aware of this fact, or that the trial court was asked, prior to the verdict, to question the jurors regarding any premature deliberations. Had such a request been timely made, the court could have *voir dired* the jury prior to its verdict to determine if, in fact, there had been premature deliberations, and whether Aldret had been prejudiced thereby. *See United States v. Bertoli*, 40 F.3d 1384, n. 5 (3d Cir.1994).

In light of Aldret's failure to call the alleged juror misconduct to the trial court's attention at his first opportunity to do so, we hold he is procedurally barred from raising the issue. *Cf United States v. Nance*, 502 F.2d 615 (8th Cir.1974), *cert. denied* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975) (where counsel discovered during jury's deliberations that it had prematurely deliberated, but counsel waited until after jury's verdict to raise issue of premature deliberations, court held he was barred from raising issue on motion for new trial). Accordingly, although we affirm the Court of Appeals' ruling that a trial judge may consider affidavits when inquiring into

allegations of premature jury deliberations, we reverse its holding that the trial judge in this case committed error in failing to do so.

## 2. REMEDY [3]

■ At oral argument before this Court, the state maintained that jury misconduct in the form of premature deliberations did not warrant automatic reversal, and that the burden was on the defendant to demonstrate that such deliberations affected the jury's verdict. We agree.

We recently held the trial court has broad discretion in assessing allegations of juror misconduct. *State v. Kelly*, 331 S.C. 132, 502 S.E.2d 99 (1998). In *Kelly*, we stated, "unless the misconduct affects the jury's impartiality, it is not such misconduct as will affect the verdict." *Kelly* was a death penalty case in which a religious pamphlet concerning God's view of the death penalty was circulated in the jury room. This Court found Kelly had failed to demonstrate prejudice from the presence of the pamphlet in the jury room, and that the pamphlet had not affected the jury's verdict.[4]

Given that we have not found automatic reversal warranted even in cases of external influences on a jury's verdict, we

---

3. Since we hold Aldret is procedurally barred from raising the issue of premature deliberations, we would ordinarily decline to address the remaining question. However, in light of our holding that prematuure deliberations may affect the fundamental fairness of a trial, such that affidavits may be considered by the trial judge, we set forth, for the benefit of bench and bar, the proper procedure for trial courts to follow in such cases.

4. Notwithstanding cases of this Court holding an improper instruction allowing the jury to prematurely deliberate inherently prejudicial, *State v. Gill, supra; State v. Thomas, supra,* we find a distinction between instructions from the trial court inviting premature deliberations, and a case in which a jury prematurely deliberates without such invitation. *See State v. Hoffman*, 312 S.C. 386, 440 S.E.2d 869 (1994); *State v. Barroso*, 320 S.C. 1, 462 S.E.2d 862 (Ct.App.1995) *rev'd on other grounds*, 328 S.C. 268, 493 S.E.2d 854 (1997) (suggesting, in the absence of judicial **encouragement** of premature deliberations, a curative instruction might suffice where a jury is suspected of premature deliberations). *Accord United States v. Nance*, 502 F.2d 615 (8th Cir.1974), *cert. denied* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975) (noting distinction in cases involving improper instruction encouraging premature deliberations).

decline to do so in the cases of internal misconduct consisting of premature deliberations. *Accord, United States v. Olano,* 507 U.S. 725, 736–38, 113 S.Ct. 1770, 1779–80, 123 L.Ed.2d 508 (1993) (U.S. Supreme Court generally analyzes outside intrusions upon jury for prejudicial impact).

Our decision is consistent with the majority of jurisdictions which hold a defendant must demonstrate prejudice from jury misconduct in order to be entitled to a new trial.[5] *See United States v. Bertoli,* 40 F.3d 1384 (3d Cir.1994) (trial judge should, through *voir dire,* decide impact of premature jury deliberations and effectiveness of curative instructions); *United States v. Resko,* 3 F.3d 684 (3d Cir.1993) (prejudice is touchstone of entitlement to a new trial when improper intra-jury influences are at issue); *United States v. Carmona,* 858 F.2d 66, 69 (2d Cir.1988); *Unites States v. Klee,* 494 F.2d 394 (9th Cir.) *cert. denied* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974) (not every instance of misconduct warrants a new trial; test is whether misconduct has prejudiced the defendant to the extent he did not receive a fair trial); *Stockton v. Com. of Va.,* 852 F.2d 740 (4th Cir.1988) *cert. denied* 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (unrealistic to think jurors will never comment to each other on any matters related to trial); *United States v. Piccarreto,* 718 F.Supp. 1088 (W.D.N.Y.1989) (given length and nature of trial, it is not surprising a juror may make some comments as trial progresses; new trial is not warranted absent evidence showing such discussions shaped final deliberations or improperly influenced jurors or prejudiced defendants); *Gov't of V.I. v. Dowling,* 814 F.2d 134 (3d Cir.1987) (trial court has discretion to assess post-verdict inquiries); *People v. Redd,* 164 A.D.2d 34, 561 N.Y.S.2d 439 (1990); *Hunt v. Methodist Hospital,* 240 Neb. 838, 485 N.W.2d

5. Some courts disallow **any** inquiry into allegations of premature deliberations since such allegations do not involve an extraneous influence over the jury. *See United States v. Camacho* 865 F.Supp. 1527 (S.D.Fla.1994)(premature discussions and expressions of opinions as to guilt or innocence not grounds to interview jurors since activity lacks extrinsic influence); *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir.1991) *cert. denied* 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (court not required to conduct hearing where defendant alleged premature deliberations as he failed to allege presence of any extraneous information or outside influence); *United States v. Caldwell,* 83 F.3d 954 (8th Cir.1996); *United States v. Cuthel,* 903 F.2d 1381 (11th Cir.1990); *State v. Frazier,* 683 S.W.2d 346 (Tenn.Crim.App.1984).

737 (Neb.1992) (party claiming juror misconduct has burden to prove prejudice by clear and convincing evidence); *State v. Hays*, 256 Kan. 48, 883 P.2d 1093 (Kan.1994); *People v. Renaud*, 942 P.2d 1253 (Colo.Ct.App.1996) (conviction will not be overturned based on allegations of juror misconduct unless the defendant affirmatively establishes misconduct occurred and that he/she was prejudiced thereby); *Commonwealth v. Maltais*, 387 Mass. 79, 438 N.E.2d 847 (Mass.1982).

Accordingly, we hold the burden is on the party alleging premature deliberations to establish prejudice. Further, to assist the trial courts of this state, we set forth the following suggested procedure to follow in cases in which an allegation of premature deliberations arises.

 If such an allegation arises **during trial**,[6] the trial court should conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial. If requested by the moving party, the court may *voir dire* the jurors and, if practicable, "tailor a cautionary instruction to correct the ascertained damage." *United States v. Resko*, 3 F.3d at 695. If the trial court determines the deliberations were prejudicial, such findings should be set forth on the record, and a new trial ordered.

 If, on the other hand, the fact of the premature deliberations does not become apparent until **after the jury's verdict**, we hold the trial court may consider affidavits as set forth in Issue 1. If the trial court finds the affidavits credible, and indicative of premature deliberations, an evidentiary hearing should be held to assess whether such deliberations in fact occurred, and whether they affected the verdict. At such an evidentiary hearing, the trial court may, upon request of the moving party, reassemble the jurors and conduct *voir dire* to ascertain the nature and extent of the premature deliberations.[7] If the court determines the misconduct did not occur, or that it was not prejudicial, adequate findings should be

---

6. As noted in Issue 1, such allegations must be raised at the first opportunity in order to be preserved for review. *State v. Sullivan, supra; State v. Williams, supra.*

7. In the present case, we find no request in the record that the trial court *voir dire* the jurors regarding premature deliberations.

made so that the determination may be reviewed. *Hunt v. Methodist Hospital,* 240 Neb. 838, 485 N.W.2d 737 (Neb.1992). If the court is convinced premature deliberations did, in fact, occur, but finds it impossible to conduct an adequate post-trial inquiry due to the passage of time, a new trial may be ordered. *Accord United States v. Resko, supra.*

## CONCLUSION

We affirm the Court of Appeals' holding that premature jury deliberations may affect the fundamental fairness of a trial such that a trial judge may consider affidavits alleging such misconduct. We hold, further, that in such cases, the burden is on the moving party to demonstrate prejudice from the premature deliberations. In light of Aldret's delay in seeking relief in this case, however, and his failure to specifically request the trial court to *voir dire* the jurors concerning the premature deliberations, we affirm his conviction for DUI.

**AFFIRMED IN PART, REVERSED IN PART.**

FINNEY, C.J., TOAL, MOORE, JJ., and Acting Associate Justice GEORGE T. GREGORY, Jr., concur.