THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF
 SOUTH CAROLINA
 In The Court
 of Appeals

 
 
 
 The State, Respondent,
 v.
 Terry Lamonte Pendergrass, Appellant.
 
 
 

Appeal From
Chester County
Brooks P.
Goldsmith, Circuit Court Judge

Unpublished Opinion
No. 2009-UP-337
Heard June 9,
2009  Filed June 15, 2009

AFFIRMED

 
 
 
 Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,  Chief Deputy
 Attorney General John W. McIntosh,  Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Assistant
 Attorney General Michelle Parsons, all of Columbia, and Solicitor Douglas A.
 Barfield, Jr., of Lancaster, for Respondent.
 
 
 

PER CURIAM:  In this criminal matter, Terry Lamonte Pendergrass
 (Pendergrass) appeals his conviction for assault and battery with intent
 to kill (ABWIK) arguing the trial court erred in (1) refusing a requested jury
 charge, and (2) failing to conduct an evidentiary hearing regarding two
 instances of alleged juror misconduct.  We affirm pursuant to Rule 220(b)(2),
SCACR, and the following authorities:
1.  As to the jury charge:  State v. Rye, 375
 S.C. 119, 123, 651 S.E.2d 321, 323 (2007) (a trial court's decision regarding
 jury charges will not be reversed where the charges, as a whole, properly
 charged the law to be applied); State v. Burkhart, 350 S.C. 252, 261,
 565 S.E.2d 298, 303 (2002) ("The substance of the law must be charged to
 the jury, not particular verbiage."); State v. Harris, 382 S.C.
 107, 115, 674 S.E.2d 532, 536 (Ct. App. 2009) ("The simple fact that the
 trial court refused to use the '[gets] the drop on him' language does not
render the charge improper.").
2.  As to the purported juror misconduct:  State v.
 Pittman, 373 S.C. 527, 553, 647 S.E.2d 144, 157 (2007) (stating the
 trial court's decision regarding allegations of juror misconduct will not be
 disturbed absent an abuse of discretion).  Specifically, as to the allegation
 of misconduct concerning the previously dismissed juror:  State v. Aldret,
 333 S.C. 307, 312, 509 S.E.2d 811, 813 (1999) (holding a defendant who fails to
 call the alleged juror misconduct to the trial judge's attention at his first
opportunity to do so is procedurally barred from raising the issue on appeal). 
AFFIRMED.
HUFF, PIEPER, and GEATHERS, J.J., concur.