**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Brittany Johnson, Appellant.

Appellate Case No. 2011-185926

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2016-UP-353
Submitted March 1, 2016 – Filed 2016-UP-353

**AFFIRMED**

Breen Richard Stevens, of Orangeburg; and Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Donald J. Zelenka, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General Brendan Jackson McDonald, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Brittany Johnson appealed her conviction for murder, arguing the trial judge erred in (1) admitting a statement she made to the police, (2) refusing to grant a mistrial, (3) refusing to charge the jury on self-defense, and (4) refusing to submit the charge of involuntary manslaughter to the jury. In 2013, this court issued an opinion reversing Johnson's conviction and remanding the matter for the new trial based solely on Johnson's arguments concerning the admissibility of her statement to the police. *State v. Johnson*, Op. No. 2013-UP-288 (S.C. Ct. App. filed June 26, 2013). The State petitioned for a writ of certiorari, and in 2015 the Supreme Court of South Carolina reversed this court's decision, holding the trial court's finding that Johnson lacked credibility was supported by the record and the admission of her statement to the police was therefore proper. *State v. Johnson*, 413 S.C. 458, 467-68, 776 S.E.2d 367, 371-72 (2015).

Johnson then moved to remand the case to this court pursuant to the procedure applied in *State v. Grovenstein*, 335 S.C. 347, 354 n.6, 517 S.E.2d 216, 219 n.6 (1999), for a review of the issues raised in her appeal that were not addressed by this court in its 2013 opinion. The Supreme Court granted the motion and remanded the matter to this court. We affirm on the remaining issues that Johnson raised in her appeal.[1]

1.      We affirm the trial court's refusal to declare a mistrial based on Johnson's allegation that the jury engaged in premature deliberations. Johnson moved for a mistrial on the second day of her three-day trial immediately after the trial court received a note from the jury requesting a second opportunity to view the recording of Johnson's videotaped statement to the police.[2] Although "premature deliberations may affect the fundamental fairness of a trial,"[3] the trial court acted within its discretion in finding the jurors' actions did not amount to misconduct that would compromise the jury's impartiality. *See State v. Carmack*, 388 S.C. 190, 198, 694 S.E.2d 224, 228 (Ct. App. 2010) ("'The trial court has broad discretion in assessing allegations of juror misconduct' and unless such misconduct affects the 'jury's impartiality, it is not [of the type] as will affect the verdict.'" (quoting *State*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] The note advised that all jurors agreed a second viewing was necessary.

[3] *State v. Aldret*, 333 S.C. 307, 311, 509 S.E.2d 811, 813 (1999).

*v. Kelly*, 331 S.C. 132, 141, 502 S.E.2d 99, 105 (1998)).  Here, the note indicates only that the jury had trouble hearing the recording because of its poor sound quality, a problem the court itself had acknowledged immediately after the recording was played during the trial.  There was no reason to believe the jurors had engaged in deliberations.  *See Black's Law Dictionary* 519 (10th ed. 2014) (defining "deliberate" as "to *weigh and analyze* all the evidence after closing arguments" (emphasis added)).

2.     We hold the trial court correctly denied Johnson's request to instruct the jury on self-defense.  There was no evidence in the record to support a finding that Johnson was without fault in bringing about the difficulty.  In her statement to the police, Johnson admitted she hit the victim when she approached the jeep in which the victim and the victim's friends were seated, and this admission supports the finding that Johnson was the initial aggressor.  At trial, Johnson stated she could not remember the events that took place during her altercation with the victim; therefore, although her trial testimony is not consistent with her police statement, it does not provide evidence that she was without fault in bringing about the difficulty that led to the victim's death.  Although a witness testified on Johnson's behalf that she saw the occupants of the jeep exit the vehicle and surround Johnson, this witness admitted she could not deny the allegation that Johnson struck the victim first.  Because the record lacks evidence of at least one of the required elements of self-defense, Johnson was not entitled to a self-defense charge.  *See State v. Santiago*, 370 S.C. 153, 161, 634 S.E.2d 23, 28 (Ct. App. 2006) (affirming the denial of a self-defense charge because "the record demonstrates as a matter of law the absence of at least one element of self-defense").

3.     Finally, we affirm the denial of Johnson's request to charge involuntary manslaughter and reject her argument that she was entitled to this charge because of evidence that she was lawfully armed in self-defense and the victim's death occurred as the result of an accidental discharge of her gun when the two struggled over it.  We are mindful of prior decisions in which the Supreme Court of South Carolina noted that evidence of a struggle over a weapon between a defendant and the victim supports an involuntary manslaughter charge.  *See, e.g.*, *State v. Light*, 378 S.C. 641, 649, 664 S.E.2d 465, 469 (2008) ("[T]he fact petitioner and [the victim] were struggling over the weapon is sufficient evidence for submission of an involuntary manslaughter instruction to the jury."); *State v. Patrick*, 289 S.C. 301, 305-06, 345 S.E.2d 481, 483-84 (1986) (stating the appellant's testimony that "the victim, apparently thinking that the appellant was going to shoot him, grabbed

the end of the barrel causing the gun to fire . . . constituted a sufficient ground for submitting the possible verdict of involuntary manslaughter to the jury"). However, we are compelled to affirm Johnson's conviction pursuant to *State v. Rivera*, 389 S.C. 399, 699 S.E.2d 157 (2010), a more recent decision from the Supreme Court of South Carolina.

In *Rivera*, the Supreme Court, reversing this court's unpublished opinion,[4] agreed with the State that "[Rivera's] brandishing of a weapon was unlawful conduct naturally tending to cause death or great bodily harm[;] thus[,] he was not entitled to a charge on involuntary manslaughter." *Id.* at 403, 699 S.E.2d at 159; *see also State v. Smith*, 391 S.C. 408, 414, 706 S.E.2d 12, 15 (2011) (finding no evidence to support a finding that the defendant was "lawfully armed in self-defense at the time the fatal shot occurred" so as to be entitled to an involuntary manslaughter charge and noting, among other reasons to support this conclusion, that the defendant was "pursu[ing] [a] drug deal while armed with a loaded gun" and "brandished the gun and used it to pistol-whip Victim"); *State v. Gibson*, 390 S.C. 347, 357, 701 S.E.2d 766, 771 (Ct. App. 2010) ("[R]egardless of whether [a murder defendant] was lawfully armed in self-defense, the essence of the involuntary manslaughter is the involuntary nature of the killing."). In the present case, although prior acrimonious dealings with the victim may have explained Johnson's decision to keep a gun on her person, the only reasonable inference from the evidence in the record is that Johnson approached the vehicle in which the victim was sitting and used her gun to pistol-whip the victim. There was no evidence that would support a finding that Johnson struck the victim in response to aggressive acts by the victim or the victim's companions; therefore, Johnson was not entitled to an involuntary manslaughter charge. *See Rivera*, 389 S.C. at 404, 699 S.E.2d at 159 (defining involuntary manslaughter as either "(1) the unintentional killing of another without malice, but while engaged in an unlawful activity not naturally tending to cause death or great bodily harm; or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others").

**AFFIRMED.**

**HUFF, SHORT and THOMAS, JJ., concur.**

---

[4] *State v. Rivera*, Op. No. 2008-UP-187 (S.C. Ct. App. filed March 18, 2008).