**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Demetrice Roosevelt James, Appellant.

Appellate Case No. 2014-002125

———————

Appeal From Richland County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-028
Submitted November 1, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Vann Henry Gunter, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Demetrice James appeals his convictions of attempted armed robbery, first-degree burglary, and two counts of attempted murder, arguing the trial court erred in (1) refusing to grant a mistrial after the jury engaged in

premature deliberations and (2) allowing the State to call a rebuttal witness to testify about James's previous statements to police. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in refusing to grant a mistrial after the jury engaged in premature deliberations: *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Aldret*, 333 S.C. 307, 313, 509 S.E.2d 811, 814 (1999) (finding in cases in which a jury prematurely deliberates without an invitation to do so by the trial court, the defendant must demonstrate he or she was prejudiced by the premature deliberations in order to be entitled to a new trial); *id.* at 315, 509 S.E.2d at 815 ("If such an allegation arises **during trial**, the trial court should conduct a hearing to ascertain if, in fact, such premature deliberations occurred, and if the deliberations were prejudicial. If requested by the moving party, the court may *voir dire* the jurors and, if practicable, 'tailor a cautionary instruction to correct the ascertained damage.'" (footnote omitted) (quoting *United States v. Resko*, 3 F.3d 684, 695 (3d Cir. 1993))).

2. As to whether the trial court erred in allowing the State to call a rebuttal witness to testify about James's previous statements to police: *State v. Huckabee*, 388 S.C. 232, 240, 694 S.E.2d 781, 785 (Ct. App. 2010) ("[T]he admission of reply testimony is within the sound discretion of the trial court and will only result in reversal if the admission of such testimony is found to be prejudicial."); *State v. Garris*, 394 S.C. 336, 350, 714 S.E.2d 888, 896 (Ct. App. 2011) ("Reply testimony should be limited to rebuttal of matters raised in defense; however, the improper admission of reply testimony will only result in reversal if the admission of such testimony is found to be prejudicial."); *State v. Stewart*, 283 S.C. 104, 106, 320 S.E.2d 447, 449 (1984) ("The admission of testimony which is arguably contradictory of and in reply to earlier testimony does not constitute an abuse of discretion.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.