**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Antonio Williams, Appellant.

Appellate Case No. 2013-000091

———————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-427
Submitted September 7, 2017 – Filed November 15, 2017

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Michael Antonio Williams was convicted of seven counts of attempted murder, one count of second degree assault and battery by mob, and one

count of conspiracy.[1]  The trial court sentenced him to concurrent terms of imprisonment of twenty-five years for each count of attempted murder, twenty concurrent years of imprisonment for second degree assault and battery by mob, and five concurrent years of imprisonment for conspiracy.  Williams appeals, arguing the trial court erred in (1) allowing the State to admit testimony referencing the term "gang," (2) coercing codefendant DaQuan Bruster to testify for the State by threatening to vacate his guilty plea, and (3) denying a motion for a mistrial based on jurors' comments made prior to deliberations.  We affirm.

1.      We find no error by the trial court in admitting testimony referencing the term gang.  The admission of improper evidence is harmless when the evidence is merely cumulative to other evidence.  *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978).  During the trial, evidence referencing gangs was admitted numerous times without objection.

2.      We next find the trial court did not err by threatening to vacate Bruster's guilty plea.  During the trial, Bruster initially denied remembering the events underlying the charges.  The trial court warned Bruster his testimony could invalidate his previously entered guilty plea.  The following morning, the court vacated the plea of another codefendant who refused to testify and threatened to do the same to Bruster.  Bruster then testified.  In *State v. Stanley*, the witness recanted previous testimony and testified against the defendant after the court found he was either guilty by his prior admissions or guilty of perjury and ordered him arrested.  365 S.C. 24, 30-32, 615 S.E.2d 455, 458-59 (Ct. App. 2005).  On appeal, the defendant argued the trial court intimidated the witness and should have granted a mistrial.  *Id.* at 32-33, 615 S.E.2d at 459.  This court disagreed, finding the court had the duty to supervise and control witnesses.  *Id.* at 35, 615 S.E.2d at 461; *see State v. McKay*, 89 S.C. 234, 236, 71 S.E. 858, 859 (1911) (stating the solicitor's order to the sheriff to arrest a witness for perjury when the witness left the witness stand was not prejudicial to the defendant).  Accordingly, we find no error.

3.      Finally, we find no error by the trial court in denying Williams' motion for a mistrial based on juror misconduct.  In *State v. Aldret*, our supreme court discussed premature deliberations as juror misconduct and outlined a suggested procedure to use to determine if juror misconduct warranted a new trial.  333 S.C. 307, 312-16, 509 S.E.2d 811, 813-15 (1999).  If an allegation of juror misconduct arises during

---

[1] Williams was tried with codefendants Esaiveus Frantrez Booker, Kinjta Sadler, and Raymond Lewis Young.

the trial, the court should conduct a hearing to first determine if premature deliberations actually occurred.  *Id.* at 315, 509 S.E.2d at 815.  A new trial should only be granted in cases in which the premature deliberations caused prejudice.  *Id.*

In this case, the trial court followed the procedure outlined in *Aldret*.  The jurors all affirmed no premature deliberations occurred and they could be fair and impartial. We find the trial court was in the best position to assess the jurors' credibility and its refusal to grant a mistrial is deserving of this court's deference.  *See State v. Pittman*, 373 S.C. 527, 556, 647 S.E.2d 144, 159 (2007) (stating a trial court's factual findings regarding juror misconduct will not be disturbed absent an abuse of discretion); *State v. Kelly*, 331 S.C. 132, 142, 502 S.E.2d 99, 104 (1998) (stating "[t]he trial judge is in the best position to determine the credibility of the jurors; therefore, this [c]ourt should grant him broad deference"); *Pittman*, 373 S.C. at 555, 647 S.E.2d at 159 ("Jury misconduct that does not affect the jury's impartiality will not undermine the verdict.").

**AFFIRMED.**[2]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.