**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Esaiveus Frantrez Booker, Appellant.

Appellate Case No. 2013-000207

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2017-UP-425
Submitted September 7, 2017 – Filed November 15, 2017

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Esaiveus Frantrez Booker was convicted of seven counts of attempted murder and one count of second degree assault and battery by mob.[1] The trial court sentenced him to concurrent terms of imprisonment of twenty years for each conviction. Booker appeals, arguing the trial court erred in (1) allowing the State to admit testimony referencing the term "gang," (2) admitting several photographs of the codefendants allegedly making "gang signs"; (3) coercing codefendant DaQuan Bruster to testify for the State by threatening to vacate his guilty plea, and (4) denying a motion for a mistrial based on jurors' comments made prior to deliberations. We affirm.

1.     We find no error by the trial court in admitting testimony referencing the term gang. The admission of improper evidence is harmless when the evidence is merely cumulative to other evidence. *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978). During the trial, evidence referencing gangs was admitted numerous times without objection.

2.     We also find no error in the admission of photographs of the codefendants allegedly making "gang signs" because defense counsel opened the door to the evidence. *See State v. Robinson*, 305 S.C. 469, 474, 409 S.E.2d 404, 408 (1991) (finding when the appellant opened the door to evidence, he could not complain of prejudice from its admission).

3.     We next find the trial court did not err by threatening to vacate Bruster's guilty plea. During the trial, Bruster initially denied remembering the events underlying the charges. The trial court warned Bruster his testimony could invalidate his previously entered guilty plea. The following morning, the court vacated the plea of another codefendant who refused to testify and threatened to do the same to Bruster. Bruster testified. In *State v. Stanley*, the witness recanted previous testimony and testified against the defendant when the court found he was either guilty by his previous sworn admissions or guilty of perjury and ordered him arrested. 365 S.C. 24, 30-32, 615 S.E.2d 455, 458-59 (Ct. App. 2005). On appeal, the defendant argued the trial court intimidated the witness and should have granted a mistrial. *Id.* at 32-33, 615 S.E.2d at 459. This court disagreed, finding the court had the duty to supervise and control witnesses. *Id.* at 35, 615 S.E.2d at 461; *see State v. McKay*, 89 S.C. 234, 236, 71 S.E. 858, 859 (1911) (stating the solicitor's order to the sheriff to arrest a witness for perjury when the witness left

---

[1] Booker was tried with codefendants Michael Antonio Williams, Kinjta Sadler, and Raymond Lewis Young.

the witness stand was not prejudicial to the defendant). Accordingly, we find no error.

4.     Finally, we find no error by the trial court in denying Booker's motion for a mistrial based on juror misconduct. In *State v. Aldret*, our supreme court discussed premature deliberations as juror misconduct and outlined a suggested procedure to use to determine if juror misconduct warranted a new trial. 333 S.C. 307, 312-16, 509 S.E.2d 811, 813-15 (1999). If an allegation of juror misconduct arises during the trial, the court should conduct a hearing to first determine if premature deliberations actually occurred. *Id.* at 315, 509 S.E.2d at 815. A new trial should only be granted in cases in which the premature deliberations caused prejudice. *Id.*

In this case, the trial court followed the procedure outlined in *Aldret*. The jurors all affirmed no premature deliberations occurred and they could be fair and impartial. We find the trial court was in the best position to assess the jurors' credibility and its refusal to grant a mistrial is deserving of this court's deference. *See State v. Pittman*, 373 S.C. 527, 556, 647 S.E.2d 144, 159 (2007) (stating a trial court's factual findings regarding juror misconduct will not be disturbed absent an abuse of discretion); *State v. Kelly*, 331 S.C. 132, 142, 502 S.E.2d 99, 104 (1998) (stating "the trial judge is in the best position to determine the credibility of the jurors; therefore, this [c]ourt should grant him broad deference"); *Pittman*, 373 S.C. at 557, 647 S.E.2d at 160 ("Jury misconduct that does not affect the jury's impartiality will not undermine the verdict.").

**AFFIRMED.**[2]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.