**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michael A. Richardson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000964

———————————

Appeal From Greenville County
Roger E. Henderson, Trial Court Judge
Frank R. Addy, Jr., PCR Court Judge

———————————

Unpublished Opinion No. 2020-UP-334
Submitted September 1, 2020 – Filed December 9, 2020

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the grant by the post-conviction relief (PCR) court of his request for a belated direct appeal. Petitioner does not seek review of the other issues raised to and denied by the PCR court.

Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On direct appeal, Petitioner argues the trial court erred in denying his motion for a new trial based on the alternate juror's presence in the jury room during deliberations. Because Petitioner failed to raise this issue to the trial court until after the jury rendered its verdict, this issue is unpreserved for appellate review. *See State v. Aldret*, 333 S.C. 307, 312, 509 S.E.2d 811, 813 (1999) ("[A] party must object at the first opportunity to preserve an issue for review."); *id.* ("A contemporaneous objection is required to preserve an issue for appellate review."); *id.* ("[W]here . . . counsel waited until after [the] jury's verdict to raise [the] issue of [juror misconduct], . . . [the defendant is] barred from raising [the] issue on a motion for [a] new trial."); *id.* (holding the trial court did not err in denying the defendant's motion for a new trial based on alleged jury misconduct when the defendant knew of the alleged misconduct before the case was submitted to the jury but did not raise the issue to the trial court until after the jury rendered its verdict).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.