**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mitchell Logan Hinson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001643

———————

**ON WRIT OF CERTIORARI**

———————

Appeal From Kershaw County
Gordon G. Cooper, Post-Conviction Relief Judge
L. Casey Manning, Trial Judge

———————

Unpublished Opinion No. 2023-UP-295
Heard April 13, 2023 – Filed August 16, 2023

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Danielle Dixon, all of Columbia, for Respondent.

_____

**PER CURIAM:**  In this appeal from the denial of Mitchell Logan Hinson's application for post-conviction relief (PCR), this court granted certiorari and ordered briefing on the issues of whether trial counsel was ineffective for failing to object to a premature *Allen*[1] charge issue and whether Hinson knowingly and intelligently waived his right to a direct appeal.  On direct appeal, Hinson argues the trial court erred by refusing to conduct a hearing on his motion for a new trial based on an allegation that the jury foreman failed to disclose his relationship with both the victim and Hinson.  We affirm the PCR court's order denying Hinson relief on the *Allen* charge, reverse the PCR court's denial of belated review of his direct appeal, and affirm the trial court's denial of his new trial motion.

1.  We hold the PCR court did not err in finding trial counsel was not ineffective for failing to object to the trial court giving an *Allen* charge before the jury indicated it was deadlocked.  Hinson failed to meet his burden of proving trial counsel's failure to object to the charge was unreasonable under the prevailing professional norms at the time of trial.  *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them"); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case."); *Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *Smith v. State*, 386 S.C. 562, 567, 689 S.E.2d 629, 632 (2010) ("Counsel's performance is accorded a favorable presumption, and a reviewing court proceeds from the rebuttable presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting *Strickland*, 466 U.S. at 690)); *Chappell v. State*, 429 S.C. 68, 74-75, 837 S.E.2d 496, 499 (Ct. App. 2019) ("To prove trial counsel's performance was deficient, a[ ] [PCR] applicant must show [trial] counsel's representation fell below an objective standard of reasonableness." (quoting *Smalls v. State*, 422 S.C. 174, 181, 810 S.E.2d 836, 840 (2018))); *id*. at 75, 837 S.E.2d at 499 ("[T]his court will find trial counsel's failure to object was deficient performance only if it was unreasonable under the prevailing professional norms at

[1] *Allen v. United States*, 164 U.S. 492 (1896).

the time of trial."); *Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 ("In [PCR] proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *Thornes v. State*, 310 S.C. 306, 309-10, 426 S.E.2d 764, 765 (1993) (stating the appellate courts have "never required an attorney to anticipate or discover changes in the law"); *State v. Taylor*, 427 S.C. 208, 214, 829 S.E.2d 723, 727 (Ct. App. 2019) ("South Carolina approves the use of a modified *Allen* charge, which must be neutral and even-handed, instruct both the majority and minority to reconsider their views, and cannot be directed at the jurors in the minority."); *Tucker v. Catoe*, 346 S.C. 483, 491, 552 S.E.2d 712, 716 (2001) ("Whether an *Allen* charge is unconstitutionally coercive must be judged 'in its context and under all the circumstances.'" (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988))); *State v. Darr*, 262 S.C. 585, 586-87, 206 S.E.2d 870, 870 (1974) (affirming a trial court's recall of a jury that had not yet reached a verdict to instruct it on the importance of reaching a verdict); *id.* at 587, 206 S.E.2d at 870 ("It is the duty of the trial judge to urge the jury to agree upon a verdict provided he does not coerce them.").

2. We hold the PCR court erred in finding Hinson knowingly and willingly waived his right to a direct appeal.[2] *See Turner v. State*, 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008) ("In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).").

3. We affirm Hinson's direct appeal issue and hold that the trial court did not err in denying his motion for a new trial without a hearing based on juror misconduct. We hold Hinson is procedurally barred from raising this issue because he failed to raise it at his first opportunity to do so. *See State v. Aldret*, 333 S.C. 307, 312, 509 S.E.2d 811, 813 (1999) (holding our courts "have routinely held that a party must object at the first opportunity to preserve an issue for review"); *id.* ("A contemporaneous objection is required to preserve an issue for appellate review."); *id.* (finding a defendant was "procedurally barred from raising the issue" of alleged juror misconduct due to his failure to notify the trial court of his concern "at his first opportunity to do so").

**AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[2] The State conceded that the PCR court erred in denying Hinson belated direct appeal review.